Darren P.B. Rumack
THE KLEIN LAW GROUP
11 Broadway Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x

**KARENGA JOQUIN,**

                       **Plaintiff**

v.                                                                                       **COMPLAINT**
                                                                      Index No.

                                                                    **JURY TRIAL
                                                                    DEMANDED**

**3755 GARAGE CORP., GOODMAN
MANAGEMENT CO. INC. and RICHARD
GOODMAN, Individually.**

                      **Defendants.**

-----------------------------------------------------------------------x

1.    Plaintiff, Karenga Joquin ("Joquin" or "Plaintiff"), alleges as follows:

**NATURE OF THE ACTION**

2.    This Action on behalf of Plaintiff seeks the recovery of unpaid wages and related damages for unpaid overtime hours worked, while employed by 3755 Garage Corp. ("3755 Garage"), Goodman Management Co. Inc. ("Goodman Management") and Richard Goodman ("Goodman"). Plaintiff seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

**PARTIES**

3. Plaintiff Joquin, a resident of New York State, was employed as a parking lot attendant/valet for The Imperial, a residential co-op building at 3755 Henry Hudson Parkway, which is managed by Defendants, from on or about April 28, 2014 through September 21, 2015. Plaintiff was employed by Defendants 3755 Garage and Richard Goodman during the relevant limitations periods.

4. Defendant 3755 Garage is a New York Corporation. Defendant 3755 Garage is real estate management company with its principal office at 3755 Henry Hudson Parkway, Bronx, New York, 10463.

5. Upon information and belief, 3755 Garage has an annual gross volume of sales in excess of $500,000.00.

6. At all relevant times, 3755 Garage has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

7. Defendant Goodman Management is a New York Corporation. Defendant Goodman Management is real estate management company with its principal office at 5683 Riverdale Avenue, Suite 203, Riverdale, New York, 10471.

8. Upon information and belief, Goodman Management has an annual gross volume of sales in excess of $500,000.00.

9. At all relevant times, Goodman Management has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

10. Upon information and belief, Defendant Richard Goodman is owner and operator of 3755 Garage and Goodman Management.

11. Upon information and belief, Defendants Goodman exercises control over 3755 Garage and Goodman Management's day to day operations, including the ability to hire and fire employees, set employee pay rates, set employee job assignments and set employee schedules.

12. Defendant Goodman was an employer of Plaintiff during the relevant time period.

13. All Defendants are hereinafter collectively referred to as "Defendants."

## JURISDICTION AND VENUE

14. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

16. Defendants committed the following alleged acts knowingly, willfully and intentionally.

17. Defendants knew that the nonpayment of overtime pay to Plaintiff would economically injure Plaintiff and violated state and federal laws.

18. Plaintiff was employed as a parking lot attendant/valet for Defendants.

19. Plaintiff's primary job duties included working as a parking lot attendant/valet, picking up cars for tenants and parking cars for tenants in the parking lot.

20. Plaintiff performed his work at "The Imperial," a residential co-op building, located at 3755 Henry Hudson Parkway, Bronx, NY, 10463.

21. Throughout the course of his employment, Plaintiff generally worked at least (3) days per week for Defendants.

22. Throughout the course of his employment, Plaintiff regularly worked on Thursdays from 4:00 pm through 12:00 am, and Saturdays and Sundays from 4:00 pm through 8:00 am.

23. On several weeks through his employment with Defendants, Plaintiff would also work additional shifts on Fridays from 8:00 am to 4:00 pm, and on Sundays from 8:00 am through 4:00 pm.

24. On those weeks that he worked additional shifts, Plaintiff would work in excess of forty (40) hours per workweek.

25. Plaintiff's salary was $9.00 per hour.

26. Plaintiff was paid in checks issued by "3755 Garage Corp. 5683 Riverdale Ave. #203, c/o Goodman Management, Riverdale, NY 10471."

27. Plaintiff received a flat rate of $9.00 per hour, even when he worked more than forty (40) hours per week, and never received one and one half times his regular rate of pay for any overtime hours worked.

28. Defendants unlawfully failed to pay the Plaintiff one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per workweek.

29. Plaintiff's workdays often lasted ten (10) hours or longer.

30. Defendants did not pay Plaintiff a spread of hours premium for all of his workdays, pursuant to New York state law when his workdays lasted ten (10) or more hours.

31. Defendants failed to provide Plaintiff with a written notice of his rate of pay and failed to keep proper payroll records as required under New York law.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Wages

32. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

33. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff.

34. Defendants have willfully failed to pay Plaintiff the overtime wages for hours worked in excess of forty (40) hours in a workweek.

35. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime

36. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

37. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

38. Defendants have willfully failed to pay Plaintiff the overtime wages for hours he worked in excess of forty (40) hours in a workweek.

39. Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

40. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

### THIRD CAUSE OF ACTION
**New York Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 142-2.4**

41. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Plaintiff regularly had workdays that lasted more than ten (10) hours.

43. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York State minimum hourly wage rate when her workdays exceeded ten (10) hours, as required by New York law.

44. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

### FOURTH CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

47. Defendants failed to provide Plaintiff with a written notice of rate of pay as required by NYLL § 195.

48. Defendants' failure to make, keep and preserve accurate records was willful.

49. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

### PRAYER FOR RELIEF

50. WHEREFORE, Plaintiff prays for relief as follows:

    a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

    b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

    c. Penalties available under applicable laws;

    d. Costs of the action incurred herein, including expert fees;

    e. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

    f. Pre-judgment and post-judgment interest, as provided by law; and

    g. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York
       July 8, 2016

Respectfully submitted,

The Klein Law Group P.C.

By: _____
Darren P.B. Rumack (DR-2642)
11 Broadway, Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*