## **CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement and General Release is made effective as of September *15*, 2016, by and between KARENGA JOQUIN, his heirs, executors, administrators and assigns ("Plaintiff") on one hand; and (i) RICHARD GOODMAN; (ii) 3755 GARAGE CORP. and (iii) GOODMAN MANAGEMENT CO. INC on their own behalf, on behalf of their present and former directors, officers, partners, employees, representatives, agents, attorneys, and on behalf of all parents, subsidiaries, affiliates, successors and assigns ("Defendants").

WHEREAS, on or about July 8, 2016, Plaintiff filed a Complaint in a lawsuit captioned Joquin v. Goodman et al., Case No. 16-cv-05476 (WHP), in the United States District Court for the Southern District of New York (the "Litigation");

WHEREAS, Defendants do not concede liability or any other aspect of Plaintiff's allegations, and in fact deny such allegations in their entirety;

WHEREAS, the parties have determined it to be in their mutual interests to settle any and all of the Plaintiff's claims or other matters between them and to dismiss the Litigation with prejudice;

NOW, THEREFORE, for good and valuable consideration, the receipt of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the parties agree as follows:

1.  Preliminary Matters

Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, The Klein Law Group, P.C. ("Plaintiff's attorney" or "Plaintiff's counsel") and/or advisors of his own choosing regarding their advice with respect to the terms of this Agreement, and has had the opportunity to consider their advice with respect to the foregoing and following. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms.

2.  General Releases

2.1 In consideration for the benefits from Defendants described in Paragraph 4 below, Plaintiff, on behalf of Plaintiff and Plaintiff's agents, representatives, attorneys, assigns, heirs, executors, and administrators ("Releasors"), fully releases Defendants, including each of its current and former parent corporations, subsidiary and affiliated companies, divisions, related companies, predecessors, successors, assigns, holding companies officers, directors, shareholders, employees and agents ("Releasees") from any and all FLSA and NYLL wage and hour claims, including interest, liquidated damages, and attorneys' fees and costs with respect to such claims whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Releasors, or any of them, may assert anywhere in the world against the Releasees, or any of them,

relating to FLSA violations or NYLL wage and hour claims arising as a result of Plaintiff's employment with Defendants, including claims of retaliation under those statutes, up to and including the date the Plaintiff signs this Agreement ("Released Claims").

Nothing in this Agreement shall be construed to constitute a waiver or release of any right to any claims not waivable as a matter of law (such as claims that are not waivable under the New York Workers Compensation Law or for Unemployment Compensation Law).

3. Termination of the Litigation

Plaintiff agrees to terminate, discontinue, and dismiss the Litigation in its entirety and in each and every respect, with prejudice and on the merits, and to cooperate and take all necessary and appropriate action to accomplish the same without delay. In that connection, the parties' counsel will execute a Stipulation of Discontinuance with Prejudice (the "Stipulation"), an executed copy of which shall be attached hereto as Exhibit A, voluntarily withdrawing the Litigation with prejudice and on the merits, with each party bearing its own costs and attorneys' fees in connection with the Litigation. Plaintiff's counsel agrees to file the executed Stipulation in accordance with the terms set forth in paragraph 4 below.

4. Consideration

Within fourteen (14) business days following the full execution and delivery of this Settlement Agreement, Defendants agree to pay **$10,000.00** broken down as follows:

(a) One check made Payable to Karenga Joquin in the amount of **$6667.00**;
(b) One check made Payable to the Klein Law Group P.C. in the amount of **$3333.00** representing attorney's fees.
(c) All checks shall be delivered to attention: Darren Rumack, The Klein Law Group P.C., 11 Broadway, Suite 960, New York, NY 10004.

In the event that the Settlement Amount is not paid by fourteen (14) business days following the full execution and delivery of this Agreement, or the approval of the Agreement by the Court (if required), or fails to clear (i.e. bounces), Plaintiff shall serve a written notice ("Default Notice") upon Defendants by email and certified mail, and Defendants shall have five (5) days from the date of delivery of the Default Notice to cure the default by making such payment together with an additional amount of $100.00 to reimburse for the time and costs of each such bounced check.

5. Non-Admission of Liability

The execution of this Agreement shall not be construed as an admission of any liability whatsoever by Defendants. In fact, liability is expressly disclaimed by Defendants. Plaintiff does not purport and will not claim to be a prevailing party, to any degree or

extent, nor will this Agreement or its terms be admissible in any proceeding other than in a proceeding for breach of the terms contained herein.

6.  Covenant Not To Sue

6.1   To the extent consistent with applicable law, Plaintiff covenants and agrees that he shall not at any time hereafter commence, maintain, or prosecute, and shall not assist in the instigation, commencement, maintenance, or prosecution of any civil, administrative or criminal action, suit, proceeding, or charge against Defendants, in any forum with respect to any matter released pursuant to Section 2 above, except as otherwise required by law, which has or could have been raised in any forum as of the effective date of this Agreement; nor -- again, to the extent consistent with applicable law -- shall he testify, assist, or participate (except in response to a valid subpoena or judicial order) in any such action, suit, proceeding or charge, or claim entitlement to any monetary relief, in connection therewith. Furthermore, he gives up his right to individual damages in connection with any administrative, arbitration or court proceeding with respect to his employment with and/or termination of employment with Defendants and if he is awarded money damages, he shall assign to Defendants his right and interest to such money damages. Should any agency or other third-party seek to assert on his behalf any of the claims released by this Agreement, Plaintiff shall designate Defendants as the recipient of, or otherwise pay over to Defendants, any recovery (whether by way of judgment or settlement) obtained as to such claims. This provision does not release any claim that this Agreement has been breached, or the enforcement of this Agreement.

7.  Non-Disparagement

Plaintiff agrees not to take, support, encourage, induce or voluntarily participate in any action or attempted action that would negatively comment on, disparage, or call into question the business operations, policies, or conduct of Defendants. Plaintiff further agrees not to act in any way that would likely damage Defendants' reputations, business relationships, present or future business, or damage the reputation of any past or present directors, executives, employees, officers, representatives, agents, attorneys or affiliates and subsidiaries of Defendants. Plaintiff agrees that he will not comment about Defendants to any person or entity concerning such business operations, policies or conduct except as required or permitted by law or as necessary for Plaintiff to defend himself in any civil, criminal, administrative, judicial, arbitral, or administrative proceeding. Nothing in this paragraph shall prevent Plaintiff from commenting about his work experience at Defendants' in connection with any bona fide efforts at seeking employment, but in such event, he will not disparage Defendants in any way. Nothing in the foregoing shall be construed to prevent Plaintiff from engaging in activities or conduct in good faith which constitutes fair, lawful competition.

Defendants agree not to take, support, encourage, induce or voluntarily participate in any action that would negatively comment on, disparage, or call into question the business operations, policies, or conduct of the Plaintiff. Defendants further agree not to act in any way that would likely damage the Plaintiff's reputation, business relationships, present or

future business. Defendants agree that they will not comment about the Plaintiffs to any person or entity concerning such business operations, policies or conduct except as required or permitted by law or as necessary for Defendants to defend themselves in any civil, criminal, administrative, judicial, arbitral, or administrative proceeding.

8. Remedies

The parties agree that money damages would not be a sufficient remedy for any breach of Sections 6 and 7 of this Agreement and that, in addition to all other remedies, the non-breaching party shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such breach. The parties agree to waive any requirements for the securing or posting of any bond in connection with such a remedy. The parties further agree that the breaching party shall be liable for any damages, including but not limited to reasonable attorneys' fees and costs, incurred in connection with enforcing Sections 6 and 7 of this Agreement.

9. Miscellaneous

9.1   Governing Law. This Agreement shall be construed as a whole in accordance with its fair meaning and in accordance with the laws of the State of New York (without regard to its choice of law principles), as are applied to contracts to be performed wholly within the State of New York. The parties expressly stipulate and agree that the United States District Court for the Southern District of New York shall retain jurisdiction over the matter.

9.2   Descriptive Headings. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

9.3   Severability. In the event that any one or more of the provisions of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remainder of the Agreement shall not in any way be affected or impaired thereby. Moreover, if any one or more of the provisions contained in this Agreement shall be held to be excessively broad as to duration, activity or subject, such provisions shall be construed by limiting and reducing them so as to be enforceable to the maximum extent allowed by applicable law.

9.4   Entire Agreement. This Agreement represents the sole and entire agreement between the parties and supersedes all prior agreements, negotiations and discussions between the parties hereto, and their respective counsel, with respect to the subject matters covered hereby.

9.5   Drafter of this Agreement. In recognition of the fact that the parties hereto had an equal opportunity to negotiate the language of, and draft, this Agreement, the parties acknowledge and agree that there is no single drafter of this Agreement and therefore, the general rule that ambiguities are to be construed against the drafter is, and shall be, inapplicable. If any language in this Agreement is found or claimed to be ambiguous,

each party shall have the same opportunity to present evidence as to the actual intent of the parties with respect to any such ambiguous language without any inference or presumption being drawn against any party.

9.6     Amendments. Any amendment to this Agreement must be in writing signed by duly authorized representatives of the parties hereto and stating the intent of the parties to amend the Agreement.

9.7     Counterparts. This Agreement may be executed by each party in separate counterparts, each of which shall constitute an original and the sum of which shall constitute one document.

10.     Further Plaintiff Acknowledgments

10.1    Plaintiff acknowledges that he has twenty-one (21) days to review and consider this Agreement. Plaintiff further acknowledges that if he executes this Agreement prior to the end of the twenty-one (21) day period, he acknowledges that any such prior execution was a knowing and voluntary waiver of his right to consider this Agreement for the full twenty-one (21) days and was due to his conclusion that he had ample time in which to consider and understand this Agreement, and in which to review this Agreement with his attorney or any other advisor.

10.2    Plaintiff understands and agrees that he has a period of seven (7) days following the signing of this Agreement to revoke it. He understands that in the event that he revokes this Agreement, it shall be null and void and of no force or effect on either party. Any revocation must be in writing and received by Eric Goidel, counsel for Defendants via email: EGoidel@borahgoldstein.com. Plaintiff further understands that this agreement shall not be effective or enforceable until the seven (7) day revocation period has expired and provided that he does not revoke his acceptance.

10.3 Plaintiff acknowledges that Defendants hereby advise him to consult with an attorney before signing this Agreement and that this Agreement gives him the opportunity and encourages him to have this Agreement reviewed by an attorney. Plaintiff has consulted with a law firm of his choosing, The Klein Law Group P.C., about this Agreement, and has considered carefully its advice.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement and the accompanying Stipulation.

**KARENGA JOQUIN**

*/s/ Karenga Joquin*
Dated: 9/15/2016

**3755 GARAGE CORP.,**

By_____
Title:
Dated:

**GOODMAN MANAGEMENT CO. INC**

By_____
Title:
Dated:


**RICHARD GOODMAN**


_____
Dated:

10.3    Plaintiff acknowledges that Defendants hereby advise him to consult with an attorney before signing this Agreement and that this Agreement gives him the opportunity and encourages him to have this Agreement reviewed by an attorney. Plaintiff has consulted with a law firm of his choosing, The Klein Law Group P.C., about this Agreement, and has considered carefully its advice.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement and the accompanying Stipulation.

**KARENGA JOQUIN**

_____

Dated:

**3755 GARAGE CORP.,**

By _Florence Gunell_
Title: _Pres., Bd of Directors_
Dated: _9/14/16_

**GOODMAN MANAGEMENT CO. INC**

By_____
Title:
Dated:


**RICHARD GOODMAN**


_____

Dated:

10.3    Plaintiff acknowledges that Defendants hereby advise him to consult with an attorney before signing this Agreement and that this Agreement gives him the opportunity and encourages him to have this Agreement reviewed by an attorney. Plaintiff has consulted with a law firm of his choosing, The Klein Law Group P.C., about this Agreement, and has considered carefully its advice.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement and the accompanying Stipulation.

**KARENGA JOQUIN**

_____
Dated:

**3755 GARAGE CORP.,**

By_____
Title:
Dated:

**GOODMAN MANAGEMENT CO. INC**

By *[signature: Richard Goodman]*
Title: President
Dated: 9/19/2016

**RICHARD GOODMAN**

_____ *[signature: Richard Goodman]*
Dated: 9/19/2016